```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF INDIANA
                      SOUTH BEND DIVISION

WESLEY EHRIE,                    )
                                 )
Petitioner,                      )
                                 )
vs.                              )   CAUSE NO. 3:06-CV-825
                                 )
WESTVILLE CORRECTIONAL FACILITY, )
                                 )
Respondent.                      )
```

OPINION AND ORDER

This matter is before the Court on the Petition Under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus by a Person in State Custody Seking Review of a Prison Disciplinary Sanction, filed by Wesley Ehrie ("Ehrie") on December 19, 2006. For the reasons set forth below, the habeas corpus petition is **DENIED** pursuant to Section 2254 Habeas Corpus Rule 4.

DISCUSSION

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Section 2254 Habeas Corpus Rule 4.

Ehrie raises two grounds attempting to challenge his 60 day loss of good time on October 6, 2006 by the Westville Correctional Facility Disciplinary Hearing Board (DHB). At that hearing he was found guilty of destroying property.

Sufficiency of the Evidence

Ehrie argues that the evidence is not sufficient to support a finding of guilt. Ehrie argues that the writer of the conduct report was not qualified to describe the condition of the cell when he was placed in it because she was not at work at that time, but that is irrelevant. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Hill*, 472 U.S. at 457. Therefore, "once the court has found the evidence reliable, its

inquiry ends - it should not look further to see whether other evidence in the record may have suggested an opposite conclusion." *Viens v. Daniels*, 871 F.2d 1328, 1335 (7th Cir. 1989).

Here, Ehrie's petition makes clear that he was found in a cell with destroyed property. This is some evidence that he destroyed the property. *See Hill*, 472 U.S. at 456-57 (disciplinary action supported when inmate was one of three seen fleeing from scene of assault even when victim denied fellow inmates had assaulted him); *Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992) (discovery of weapon in area controlled by four inmates created twenty-five percent chance of guilt supporting disciplinary action); *Mason v. Sargent*, 898 F.2d 679, 680 (8th Cir. 1990) (disciplinary action supported when contraband was found in locker shared by two inmates).

Due Process

Ehrie argues that the DHB did not view photos or demand proof of the allegations against him. Though *Wolff v. McDonnell*, 418 U.S. 539, 570 (1974) permits an accused inmate the right to submit evidence in his defense, it does not require that the board independently demand additional proof against him. Neither does it require the submission of evidence that does not exist. Ehrie does not assert that he attempted to submit photographs or even that any photographs existed.

CONCLUSION

For the reasons set forth above, the habeas corpus petition is **DENIED** pursuant to Section 2254 Habeas Corpus Rule 4.

**DATED: January 4, 2007**          **/s/RUDY LOZANO, Judge**
                                    **United States District Court**